SLIP OP. 07-187

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| _____ : | |
| IMPACT STEEL CANADA : | |
| CORPORATION, ET AL., : | |
| : | |
| Plaintiffs, : | |
| v. : | Before: Jane A. Restani, Chief Judge |
| : | |
| UNITED STATES, : | Court No. 06-00419 |
| : | |
| Defendant, : | |
| : | |
| and : | |
| : | |
| UNITED STATES STEEL : | |
| CORPORATION, : | |
| : | |
| Defendant-Intervenor. : | |
| _____: | |

## OPINION

[Defendant's motion to dismiss granted in part and denied in part.  Plaintiffs' motion for judgment upon the agency record denied.]

December 28, 2007

Hogan & Hartson, LLP (Harold D. Kaplan, Craig A. Lewis and Lewis E. Leibowitz) for the plaintiffs.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Michael D. Panzera); Mark B. Lehnardt, International Trade Administration, U.S. Department of Commerce, of counsel, for the defendant.

Skadden, Arps, Slate, Meagher & Flom LLP (John J. Mangan, Jeffrey D. Gerrish, Robert E. Lighthizer, Neena G. Shenai and Jared R. Wessel) for the defendant-intervenor.

Restani, Chief Judge:  This matter is before the court on Plaintiffs Impact Steel

Canada Corporation, Impact Steel Canada Company, and Impact Steel, Inc.'s ("Plaintiffs")

motion for judgment upon the agency record and Defendant United States' motion to dismiss.

Plaintiffs are importers and exporter-resellers of certain corrosion-resistant carbon steel flat

products from Canada.  (Req. for Admin. Rev. (Aug. 31, 2004), <u>available at</u> Mem. of P. & A. in

Supp. of Pls.' Mot. for J. Upon the Agency R. ("Pls.' Br.") at Attach. 1 (P.R. 3).)  Plaintiffs

challenge the United States Department of Commerce's ("Commerce") interpretation of its

regulations and resulting liquidation instructions as to antidumping duties on merchandise

entered into the United States by resellers unaffiliated with a foreign producer.  For the reasons

stated below, the court finds its opinion in <u>Parkdale Int'l, Ltd. v. United States</u>, 508 F. Supp. 2d

1338 (CIT 2007) ("<u>Parkdale II</u>"), persuasive, such that the court concludes it has jurisdiction to

adjudicate Plaintiffs' facial challenges to Commerce's policy, but nonetheless denies Plaintiffs'

motion for judgment on the agency record, finding Commerce's policy valid.

## BACKGROUND

An antidumping duty order was first applied to these steel products in 1993, and

Plaintiffs made entry of steel products subject to the order.  <u>See</u> <u>Certain Corrosion-Resistant</u>

<u>Carbon Steel Flat Prods. & Certain Cut-to-Length Carbon Steel Plate From Canada</u>, 58 Fed. Reg.

44,162 (Dep't Commerce Aug. 19, 1993).  Under 19 U.S.C. § 1675, administrative reviews of an

antidumping duty order are granted only upon request in the "anniversary month" in which the

relevant order was published.  19 U.S.C. § 1675(a)(1) (2000).  If no administrative review is

requested, Commerce's regulation, 19 C.F.R. § 351.212(c)(1), governs the assessment of duties

on entries subject to an antidumping duty order, including those of a reseller who exports subject

merchandise to the United States.  19 C.F.R. § 351.212(c)(1) (2007).[1]

On October 15, 1998, Commerce published notice and requested comments concerning its intention to clarify 19 C.F.R. § 351.212.  See Antidumping and Countervailing Duty Proceedings: Assessment of Antidumping Duties, 63 Fed. Reg. 55,361 (Dep't Commerce Oct. 15, 1998) ("Reseller Notice").  Commerce extended the comment period on November 12, 1998, to allow for additional comments, see Antidumping and Countervailing Duty Proceedings: Assessment of Antidumping Duties, 63 Fed. Reg. 63,288 (Dep't Commerce Nov. 12, 1998) ("1998 Comments"), and in 2002, Commerce again requested additional comments on the

---

[1] 19 C.F.R. § 351.212(c), provides:

(c) Automatic assessment of antidumping and countervailing duties if no review is requested.

(1) If the Secretary does not receive a timely request for an administrative review of an order (see paragraph (b)(1), (b)(2), or (b)(3) of § 351.213), the Secretary, without additional notice, will instruct the Customs Service to:

(i) Assess antidumping duties or countervailing duties, as the case may be, on the subject merchandise described in § 351.213(e) at rates equal to the cash deposit of, or bond for, estimated antidumping duties or countervailing duties required on that merchandise at the time of entry, or withdrawal from warehouse, for consumption; and

(ii) To continue to collect the cash deposits previously ordered.

(2) If the Secretary receives a timely request for an administrative review of an order (see paragraph (b)(1), (b)(2), or (b)(3) of § 351.213), the Secretary will instruct the Customs Service to assess antidumping duties or countervailing duties, and to continue to collect cash deposits, on the merchandise not covered by the request in accordance with paragraph (c)(1) of this section.

(3) The automatic assessment provisions of paragraphs (c)(1) and (c)(2) of this section will not apply to subject merchandise that is the subject of a new shipper review (see § 351.214) or an expedited antidumping review (see § 351.215).

19 C.F.R. § 351.212(c).

proposal.  See Antidumping and Countervailing Duty Proceedings: Assessment of Antidumping

Duties; Additional Comment Period, 67 Fed. Reg. 13,599 (Dep't Commerce Mar. 25, 2002)

("2002 Comments").  Commerce published its final policy statement for implementation of its

reseller policy on May 6, 2003.  See Antidumping and Countervailing Duty Proceedings:

Assessment of Antidumping Duties, 68 Fed. Reg. 23,954  (Dep't Commerce May 6, 2003)

("Reseller Policy").

      The Reseller Policy states that automatic liquidation at the cash-deposit rate of the

producer will apply to a reseller, who does not have its own rate, only when no administrative

review has been requested of either the reseller or the producer.  Id.  If a review is conducted of

"a producer of the reseller's merchandise where entries of the merchandise were suspended at

the producer's rate, automatic liquidation will not apply to the reseller's sales."  Id.  If

Commerce determines that "the producer knew, or should have known, that the merchandise it

sold to the reseller was destined for the United States," the producer's assessment rate will be

used.  Id.  Otherwise, the reseller's merchandise will be liquidated at the all-others rate, if no

company-specific review was done of the reseller during that period.  Id.

      On August 3, 2004, Commerce provided notice of opportunity for interested

parties to request an administrative review for the period of August 1, 2003 through July 31,

2004, specifically alerting them of the Reseller Policy.  See Antidumping or Countervailing Duty

Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review, 69

Fed. Reg. 46,496 (Dep't Commerce Aug. 3, 2004).  After timely requests, Commerce initiated an

administrative review of Impact Steel Canada Corporation and Impact Steel Canada, Ltd.[2] and

the interested producers, Dofasco Inc. ("Dofasco") and Stelco Inc. ("Stelco").  See Initiation of

Antidumping and Countervailing Duty Administrative Reviews and Request for Revocation in

Part, 69 Fed. Reg. 56,745 (Dep't Commerce Sept. 22, 2004).  Plaintiffs subsequently withdrew

the request for administrative review, pursuant to 19 C.F.R. § 351.213(d)(1).  (Withdrawal of

Admin. Rev. Req. (Nov. 12, 2004), available at Pls.' Br. at Attach. 2 (P.R. 10).)  Pursuant to

Plaintiffs' withdrawal letter, Commerce rescinded the administrative review of Impact Steel

Canada, Ltd., effective November 12, 2004.  See Notice of Rescission, in Part, of Antidumping

Duty Administrative Review: Corrosion-Resistant Carbon Steel Flat Products From Canada, 70

Fed. Reg. 17,648 (Dep't Commerce Apr. 7, 2005).  On February 9, 2005, Commerce sent

instructions to United States Customs and Border Protection ("Customs") to liquidate all entries

of all firms except for those that requested an administrative review, including Impact Steel

Canada, Ltd., Dofasco, and Stelco.  (Liquidation Instructions (Feb. 9, 2005), available at Pls.' Br.

at Attach. 3 (P.R. 23).)  Commerce published its final determination of the administrative review

on March 16, 2006.  See Certain Corrosion-Resistant Carbon Steel Flat Products from Canada:

Final Results of Antidumping Duty Administrative Review, 71 Fed. Reg. 13,582 (Dep't

Commerce Mar. 16, 2006) ("Final Results").  On August 17, 2006, Commerce issued

instructions to Customs to liquidate Plaintiffs' entries at the "all-others" rate of 18.71%.

(Liquidation Instructions (Aug. 17, 2006), available at Pls.' Br. at Attach. 5 (P.R. 104, 105)

("Liquidation Instructions").)   Plaintiffs subsequently commenced this action to challenge

---

[2] Plaintiffs note that although the request included the name "Impact Steel Canada, Ltd.,"
the actual name of the entity is Impact Steel Canada Company.  (See Pls.' Br. 8 n.3.)

Commerce's <u>Reseller Policy</u> and its application in the <u>Liquidation Instructions</u>.

## STANDARD OF REVIEW

When deciding a motion to dismiss, the court assumes that "'all well-pled factual allegations are true,' construing 'all reasonable inferences in favor of the nonmovant.'" <u>United States v. Islip</u>, 22 CIT 852, 854, 18 F. Supp. 2d 1047, 1052 (1998) (quoting <u>Gould, Inc. v. United States</u>, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). Rule 56.1 provides that "in any action in which a party believes that the determination of the court is to be made solely upon the basis of the record made before an agency, that party may move for judgment in its favor upon all or any part of the agency determination." USCIT R. 56.1(a).

## DISCUSSION

Plaintiffs challenge Commerce's interpretation of 19 C.F.R. § 351.212, as it relates to entries made in the United States of merchandise purchased from resellers who are unaffiliated with a foreign producer, as set forth in the <u>Reseller Policy</u>. Count I alleges that Commerce violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 <u>et seq.</u>, in issuing the <u>Reseller Policy</u>, that the "clarification" is irreconcilably inconsistent with § 351.212(c), and that it is arbitrary, capricious, and contrary to governing law. (<u>See</u> Pls.' Br. 10–23; <u>see also</u> Pls.' Compl. 7.) Plaintiffs also contend in Count II that the entries had already liquidated by operation of law when the <u>Liquidation Instructions</u> were issued,[3] and in Count III that the <u>Liquidation Instructions</u> are unlawful because they are not supported by the necessary knowledge determination, as required by the <u>Reseller Policy</u>. (<u>See</u> Pls.' Br. 23–28; <u>see also</u> Pls.'

---

[3] As will be explained, <u>see</u> <u>infra</u> note 6, the court views Count II as another aspect of the claim that the <u>Reseller Policy</u> is invalid, as alleged in Count I.

Compl. 7.)  Defendant, the United States, challenges the court's jurisdiction to adjudicate

Plaintiffs' action, and asserts a statute of limitations bar as well.  (Def.'s Combined Mot. to

Dismiss & Resp. to Pl.'s Mot. for J. Upon the Agency R. 2 ("Def.'s Br.").)

**A.      Jurisdiction is proper under 28 U.S.C. § 1581(i) for facial challenges to Commerce's Reseller Policy**

               The court previously addressed, in <u>Parkdale Int'l, Ltd. v. United States</u>, 491 F.

Supp. 2d 1262 (CIT 2007) ("<u>Parkdale I</u>"), and again in <u>Parkdale II</u>, 508 F. Supp. 2d at 1338, the

question of its jurisdiction to hear an action such as that alleged in Counts I and II.  The court

adheres to its conclusion that jurisdiction is proper here under 28 U.S.C. § 1581(i)(4), as this

action is an action under the APA challenging the "administration and enforcement" of the

antidumping duty laws.

               This Court is granted broad residual jurisdiction under 28 U.S.C. § 1581(i) to

hear "any civil action commenced against the United States . . . that arises out of any law of the

United States providing for . . . tariffs [or] duties . . . on the importation of merchandise for

reasons other than the raising of revenue," and for cases challenging Commerce's

"administration and enforcement with respect to the matters referred to" in § 1581.  28 U.S.C.

§ 1581(i)(2), (4) (2000).  Section 1581(i), however, "'may not be invoked when jurisdiction

under another subsection of § 1581 is or could have been available, unless the remedy provided

under that other subsection would be manifestly inadequate.'"  <u>Parkdale II</u>, 508 F. Supp. 2d at

1346 (quoting <u>Norcal/Crosetti Foods, Inc. v. United States</u>, 963 F.2d 356, 359 (Fed. Cir. 1992)).

In contrast, § 1581(c) grants the court jurisdiction to review "any civil action commenced under

section 516A of the Tariff Act of 1930 [19 U.S.C. § 1516a]" where a party is contesting "factual

findings or legal conclusions" made in a 19 U.S.C. § 1516a(a)(2)(B) listed determination,

including those made in a final determination of an administrative review of an antidumping

order.  28 U.S.C. § 1581(c); 19 U.S.C. § 1516a(a)(2)(A), (B)(iii) (2000).

      The government argues that in reality, Plaintiffs are challenging Commerce's

decision in its Final Results, not Commerce's Liquidation Instructions, and therefore, Plaintiffs'

claims actually are based on a listed determination under 19 U.S.C. § 1516a(a)(2)(B), which

should have been challenged pursuant to § 1581(c).  (Def.'s Br. 16–17.)  Plaintiffs counter that

they are not challenging the final results of the administrative review, but the Reseller Policy and

its application to the Liquidation Instructions.  (Pls.' Resp. to Def.'s Mot. to Dismiss and Reply

Br. in Supp. of Pls.' Mot. for J. Upon the Agency R. 1–2 ("Pls.' Resp. Br.").)

      A court must "look to the true nature of the action . . . in determining

jurisdiction."  Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006)

(quoting Williams v. Sec'y of Navy, 787 F.2d 552, 557 (Fed. Cir. 1986)).  Here, Plaintiffs'

challenges to the Reseller Policy in Counts I and II indicate that this is not a case involving a

§ 1516a determination challenge subject to jurisdiction under § 1581(c).  Plaintiffs are contesting

the consistency of the Reseller Policy with Commerce's regulations, and possibly any procedural

errors made in the adoption of the policy.  They are not contesting the results of Commerce's

administrative review, such as factual determinations or legal conclusions made in the results,

but rather the Reseller Policy and the Liquidations Instructions.  As the court emphasized in

Parkdale II, "Commerce's reference to the mere existence of the Reseller Policy does not render

the Final Results a final legal determination with respect to all entries of carbon steel flat

products from Canada."  Parkdale II, 508 F. Supp. 2d at 1347.

      Additionally, policy concerns also demonstrate why jurisdiction is appropriate

under § 1581(i). "Because a claim under the APA accrues at the time of 'final agency action,'

5 U.S.C. § 704, facial challenges to regulations and claims arising from a failure to comply with

APA procedures accrue at the time the rule was published, not when the rule is applied to a

plaintiff." Id. (citation omitted). This encourages early court intervention, allowing for an

agency to correct any errors before a new policy has been relied on widely. See id. at 1349.

Requiring plaintiffs to raise this argument in an administrative review delays such a process,

because years could pass before a party chooses to not participate in an administrative review to

obtain its own rate, but instead files a case brief challenging the application of the policy. See id.

Such policy considerations weigh against finding that § 1581(c) jurisdiction covers this type of

case. Accordingly, because the court finds no difference between the jurisdictional question at

issue in Counts I and II and Parkdale II, and it finds the reasoning of Parkdale II sound, the court

concludes it has jurisdiction as to Counts I and II under 28 U.S.C. § 1581(i).

        Defendant asserts that, even assuming § 1581(i) jurisdiction could apply,

Plaintiffs' claim that Commerce did not follow required APA procedure is time-barred under the

two-year statute of limitations for § 1581(i) cases provided in 28 U.S.C. § 2636(i). (Def.'s Br.

20.) It is not clear, however, whether Defendant is also claiming that Plaintiffs' substantive APA

claim is time-barred. If so, this defense fails because Defendant did not raise it in its first

pleading before the court. A statute of limitations defense is an affirmative defense which must

be made in a defendant's first responsive pleading. USCIT R. 8(d); see also Parkdale II, 508 F.

Supp. 2d at 1347–48 n.6. Although statutes of limitations that are jurisdictional in nature are

excepted from this requirement, the statute of limitations under § 2636(i) has not been treated as

jurisdictional. See Mitsubishi Elecs. Am., Inc. v. United States, 44 F.3d 973, 977–78 (Fed. Cir.

1994); Parkdale II, 508 F. Supp. 2d at 1347–48 n.6.

As to the APA procedural claim, because that claim was not made clearly in the complaint, the court cannot find that the government waived its right to assert the statute of limitations bar. Therefore, that claim, having accrued more than two years before the commencement of suit, is barred by the statute of limitations. Nonetheless, because of the lack of clarity in the filings of both parties, in the interest of judicial economy, the court will address the APA procedural claim as well.

In Count III of their complaint, Plaintiffs raise an alternative claim to invalidity of the Reseller Policy. They allege that Commerce's Liquidation Instructions were unlawful because they were not supported by a knowledge determination as required by the Reseller Policy. (Pls.' Br. 23–26; Pls.' Compl. 7.) As to Count III, it appears to the court that Plaintiffs have failed to allege injury in fact necessary to establish that this claim presents a "case or controversy" within the meaning of Article III of the United States Constitution. Ontario Forest Indus. Assoc. v. United States, 444 F. Supp. 2d 1309, 1323 (CIT 2006); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Plaintiffs have not asserted that, assuming the Reseller Policy is valid, they have suffered an economic loss or that they were harmed in any way by Commerce's alleged failure to specifically state whether the producers of Plaintiffs' merchandise knew, or should have known, that their merchandise was destined for the United States. That is, they did not assert in their complaint that the resellers were affiliated with the producers or that the producers had the requisite knowledge to entitle the resellers to receive the producer's rate under the Reseller Policy and that this lack of a knowledge determination caused harm. In any case, at the very least, Plaintiffs have failed to state a claim upon which relief can

be granted as to Count III.[4]  Accordingly, under either USCIT R. 12(b)(1) or (5), Count III must

be dismissed.

**B.      Plaintiffs' motion for judgment on the agency record is denied because the <u>Reseller Policy</u> is not invalid or contrary to law**

As to the merits of Count I, Plaintiffs argue that the <u>Reseller Policy</u> substantively

alters the plain meaning of 19 C.F.R. § 351.212(c), and thus is inconsistent with the regulation,

because it requires entries not subject to a review request to be liquidated at a rate different from

the required deposit rate at the time of entry.[5]  Plaintiffs assert specifically that if a reseller itself

is not named in a request for an administrative review, the reseller's entries are to be

automatically liquidated at the cash-deposit rate required at entry under § 351.212(c)(1).[6]  (<u>See</u>

_____

[4] As a responsive pleading has been filed, Plaintiffs have no automatic right to amend their complaint to remedy deficiencies.  USCIT R. 15(a).  Accordingly, the court does not reach Defendant's argument that such a claim cannot be raised under 28 U.S.C. § 1581(i).

[5] Plaintiffs have cited to the explanatory language for the regulation and its reference to specific "entries."  (Pls.' Br. 12 ("[I]f an entry is not subject to a request for a review, the Department will instruct the Customs Service to liquidate that entry and assess duties at the rate in effect at the time of entry.") (quoting Antidumping Duties; Countervailing Duties, 62 Fed. Reg. 27,296, 27,313–14 (Dep't Commerce May 19, 1997) (final rule).)  The explanatory language, just as the regulation itself, begs the question.  That is, one does not know to which entries this regulation applies.  It is only the <u>Reseller Policy</u> itself which provides an answer.

[6] Similarly, Plaintiffs claim under Count II that Commerce's rescission of their administrative review, following Plaintiffs withdrawal of their request for review, provided notice to Customs of the lifting of the suspension of Plaintiffs' entries.  (Pls.' Br. 26–28.)  Plaintiffs contend, therefore, that because they were not covered by any administrative review, their entries liquidated by operation of law six months after Commerce's rescission.  (<u>Id.</u> at 27); <u>see also</u> 19 U.S.C. § 1504(d).  Although Plaintiffs withdrew their administrative review request, entries of Dofasco and Stelco's merchandise continued to be suspended under their respective requests for review until Commerce published its <u>Final Results</u>.  Thus, assuming the <u>Reseller Policy</u> is valid, Plaintiffs' entries for merchandise produced by Dofasco and Stelco were not deemed liquidated by operation of law six months after Commerce's rescission of Plaintiffs' administrative review.  Instead, they could be actively liquidated when Commerce published its <u>Final Results</u> and provided <u>Liquidation Instructions</u> to Customs thereafter.

Pls.' Br. 12–13.)

Plaintiffs' argument, however, fails to acknowledge that the <u>Reseller Policy</u> addresses a particular situation that is not discussed in § 351.212, specifically, what the rate of liquidation would be for a reseller's entries of a producer's merchandise when (1) the producer's cash-deposit rate was used for the reseller's entries, (2) the producer, but not the reseller, is expressly subject to the administrative review, and (3) the producer did not know at the time of sale that the merchandise was destined for the United States.  (Def.'s Br. 23–24.)  The <u>Reseller Policy</u> defines what is covered by a request for an administrative review, and clearly articulates that the entries of merchandise of the subject producer, including that sold by resellers, are covered by a request for review concerning that producer and are not automatically liquidated.

Contrary to Plaintiffs' assertion, the <u>Reseller Policy</u> does not replace the automatic liquidation provision of § 351.212(c)(1) by creating a new system for determining the assessment rate for entries previously subject to the original cash-deposit rate.  Rather, the <u>Reseller Policy</u> merely fills a gap in the regulation by addressing a situation not specifically addressed therein.  <u>Parkdale II</u>, 508 F. Supp. 2d at 1353.  Specifically, the policy explains how to assess duties on entries that are covered by administrative review requests because an assumption of some level of affiliation between the producer and reseller was made previously, but the entries are not covered by the rates determined for the producer in that review because the "affiliation" assumption does not hold.[7]  <u>Id.</u>  Accordingly, the <u>Reseller Policy</u> is not invalid for conflict with the regulation.

_____

[7] In this context the court uses "affiliation" as a short hand for the knowledge component of the <u>Reseller Policy</u>.  This is not a reference to 19 U.S.C. § 1677(33).

Furthermore, any procedural deficiencies with regard to the <u>Reseller Policy</u> are

harmless.  The APA requires for any proposed rulemaking that "notice of [the] proposed rule

making [] be published in the Federal Register," and that "interested persons [have] an

opportunity to participate in the rule making through submission of written data, views, or

arguments."  5 U.S.C. § 553(b), (c) (2007).  After considering the relevant information received,

the agency must accompany any published rules with "a concise general statement of their basis

and purpose."  <u>Id.</u> § 553(c).  Nonetheless, even if the <u>Reseller Policy</u> is considered a legislative

rule requiring APA notice and comment procedures, and not an interpretative rule excepted from

the procedural requirements as asserted by Commerce, any error in not labeling the <u>Reseller</u>

<u>Policy</u> a "proposed rule" is harmless, if Commerce followed "all material requirements for the

publication of a legislative rule."  <u>Parkdale II</u>, 508 F. Supp. 2d at 1357; <u>see</u> <u>Intercargo Ins. Co. v.</u>

<u>United States</u>, 83 F.3d 391, 394 (Fed. Cir. 1996) ("It is well settled that principles of harmless

error apply to the review of agency proceedings.").

As detailed in <u>Parkdale II</u>, it appears that Commerce satisfied each of these

requirements when it issued the <u>Reseller Policy</u>: it published notice regarding its <u>Reseller Policy</u>

in the Federal Register and requested comments, extended the comment period in 1998 and again

in 2002, and published its final clarification with detailed responses to all the comments

received.  <u>See</u> <u>Reseller Notice</u>, 63 Fed. Reg. at 55,361; <u>1998 Comments</u>, 63 Fed. Reg. at 63,288;

<u>2002 Comments</u>, 67 Fed. Reg. at 13,599; <u>Reseller Policy</u>, 68 Fed. Reg. at 23,954.  Additionally,

Plaintiffs have not identified any harm that resulted from the procedural deficiency of failing to

label the <u>Reseller Policy</u> a "proposed rule."  <u>See</u> <u>U.S. Telecom Ass'n v. FCC</u>, 400 F.3d 29, 40,

41–42 (D.C. Cir. 2005) (concluding that "'to remand solely because the Commission labeled the

action a declaratory ruling [and not a legislative rule] would be to engage in an empty

formality'" and that any error would be harmless when it appeared that all APA requirements

were satisfied) (quoting New York State Comm'n on Cable Television v. FCC, 749 F.2d 804,

815 (D.C. Cir. 1984)).  Consequently, because Plaintiffs have not demonstrated any prejudice as

a result, the court finds any procedural error harmless and will not automatically void the

Reseller Policy.

Finally, the APA requires that any "agency action, findings, and conclusions

found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

law" be held unlawful and set aside.  5 U.S.C. § 706(2)(A).  Plaintiffs contend that the Reseller

Policy is arbitrary, capricious, and contrary to law because it relies on factors Congress did not

intend Commerce to consider and fails to consider important concerns identified by Congress in

this area.  (Pls.' Br. 17–23.)

Plaintiffs contend that 19 U.S.C. § 1675(a)(1) and 19 C.F.R. § 351.212 sought to

avoid uncertainty regarding assessment rates, additional reviews, and a greater administrative

burden.  (Pls.' Br. 18–20 (stating that the amendment to § 1675 was "'designed to limit the

number of reviews in cases in which there is little or no interest, thus limiting the burden on

petitioners and respondents, as well as the administering authority'") (quoting H.R. Rep. No. 98-

1156, at 181 (1984) (Conf. Rep.), as reprinted in 1984 U.S.C.C.A.N. 5220, 5298).)   Plaintiffs

argue that under the current Reseller Policy, however, a reseller is more likely to request a

review than under Commerce's former practice, because it will be wary that its entries are not

covered by the request for an administrative review of its producer.  (Pls.' Br. 20.)  Plaintiffs

emphasize that the Reseller Policy injects uncertainty into the decision making, because resellers

no longer know the result of not requesting a review, as was the case when the automatic

liquidation of entries was made at the cash-deposit rate.  (Pls.' Br. 21.)  Defendant counters that

any increase in reviews will still be less than the pre-1984 practice of reviewing every producer

and exporter each year and that all reviews will necessarily be ones where there is sufficient

interest for a party to request a review of a producer or reseller.  (Def.'s Br. 27.)

          As emphasized in <u>Parkdale II</u>, Congress's concern with administrative efficiency

is only one of a number of competing policy concerns Commerce needs to consider when it

creates assessment rules and regulations, and other concerns, such as preventing "margin-

shopping" and promoting accurate margin calculations, should also be considered.  <u>Parkdale II</u>,

508 F. Supp. 2d at 1354 (citing <u>Reseller Policy</u>, 68 Fed. Reg. at 23,957).  Commerce

acknowledged in its <u>Reseller Notice</u> that its <u>Reseller Policy</u> was justified despite the fact that it

would increase the uncertainty faced by resellers that have not established whether or not they

are affiliated with a producer.  <u>See Parkdale II</u>, 508 F. Supp. 2d at 1355 (citing <u>Reseller Notice</u>,

63 Fed. Reg. at 55,364).  As discussed in <u>Parkdale II</u>, only a reseller who "continues to rely on

Commerce's initial assumption that it is affiliated with a given producer" remains vulnerable to

an adverse finding, and regardless, is certainly in no worse a position than if "Commerce [had]

investigated the reseller in the original investigation."  <u>Id.</u>  Under the <u>Reseller Policy</u>, the reseller

can diminish this uncertainty by requesting an administrative review of its own entries in order

to obtain its own cash-deposit rate and the <u>Reseller Policy</u> does not prevent the withdrawal of

such a request if no request is made as to the relevant producer.  <u>See id.</u>  Accordingly, Commerce

did not rely on factors Congress did not intend for it to consider and did not fail to consider

important concerns identified by Congress in this area.  Therefore, any uncertainty caused does

Court No. 06-00419                                                                    Page 16

not render the <u>Reseller Policy</u> arbitrary and capricious.

Thus, there is no inconsistency of the <u>Reseller Policy</u> with either the governing statute or

regulation.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Dismiss is granted as to Count

III and denied as to Counts I and II.  Plaintiffs' Motion for Judgment on the Agency Record is

denied as to Counts I and II.


    /s/ Jane A. Restani
      Jane A. Restani
      Chief Judge


Dated: This 28th day of December, 2007.
     New York, New York.

## UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                    :
IMPACT STEEL CANADA                 :
CORPORATION, ET AL.,                :
                                    :
                  Plaintiffs,       :
                                    :     Before: Jane A. Restani, Chief Judge
        v.                          :
                                    :     Court No. 06-00419
UNITED STATES,                      :
                                    :
                  Defendant,        :
                                    :
        and                         :
                                    :
UNITED STATES STEEL                 :
CORPORATION,                        :
                                    :
                  Defendant-Intervenor. :
_____ :


### JUDGMENT

     This case having been submitted for decision and the court, after deliberation, having

rendered a decision therein; now, in conformity with that decision,

     IT IS HEREBY ORDERED that Defendant United States' Motion to Dismiss is granted

as to Count III and denied as to Counts I and II.  Plaintiffs Impact Steel Canada Corporation,

Impact Steel Canada Company, and Impact Steel, Inc's. Motion for Judgment on the Agency

Record is denied as to Counts I and II.  Judgment on Counts I and II is entered for Defendant.

Count III is dismissed.

                          /s/ Jane A. Restani
                          Jane A. Restani
                          Chief Judge

Dated: This 28th day of December, 2007.
New York, New York.

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____    By: _____
                                              Deputy Clerk